NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0320n.06

Case No. 23-5827

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 24, 2024
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| LOUISE GRAVES, | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | OPINION |
| Defendant - Appellee. | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and GIBBONS, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Louise Graves sued her insurer, Auto-Owners Insurance Company, for breach of contract after Auto-Owners allegedly failed to fully compensate Graves for damage incurred to her car dealership after a hailstorm. Graves argues that Auto-Owners failed to compensate her for increased labor costs associated with repairing the property covered by the Ordinance or Law Coverage provision of the insurance contract. Auto-Owners contends that Ordinance or Law coverage applies only if Graves actually repairs the property. Here, Graves failed to make repairs before selling the property to a third party. The district court agreed with Auto-Owners and granted summary judgment in its favor. Because we agree with the district court, we affirm.

I.

Graves obtained insurance through Auto-Owners for property located in Humboldt, Tennessee. After a hailstorm damaged the property in May 2020, Graves filed a claim under the

Policy. Auto-Owners paid Graves $186,822.78 less the Policy's $1,000 deductible. Dissatisfied with this amount, Graves initiated the appraisal process. Graves submitted a proof of loss with an actual cash value of $476,761.95, and an appraisal award was entered in March 2021 computing an actual cash value of $461,300.79 and a replacement cost of $504,443.43. Before the appraisal award was entered, however, Graves sold the property. Graves did not repair any damage incurred in the hailstorm before selling the property. After the appraisal award was entered, Auto-Owners notified Graves that it would pay the amount listed in the appraisal award less depreciation costs and increases in costs to repair due to the operation of ordinance or law.[1] Auto-Owners determined that, because Graves had not made repairs and had sold the property, she was not entitled under the terms of the policy to the depreciation costs or the Ordinance or Law Coverage. Auto-Owners thus deemed coverage appropriate only for an additional amount of $12,553.43.

Graves filed a breach of contract action against Auto-Owners in Tennessee state court in 2022. Auto-Owners then removed the case to federal court. After conducting discovery, both Auto-Owners and Graves moved for summary judgment. The district court granted Auto-Owners's motion, finding no genuine dispute that Auto-Owners paid Graves all that she was entitled to under the insurance contract. The district court found that the additional award money Graves sought fell under the Ordinance or Law Coverage provision of the Policy. That provision, by its terms, conditions reimbursement on repairs or replacements actually being made to the property. Because Graves admitted that she did not repair or replace the property, and because she sold the property and thus was unable to repair or replace it in the future, the court found that she

---

[1] The Policy's "Ordinance or Law Coverage" provision provides coverage for costs incurred to comply with "ordinance[s] or law[s]" that "regulate[] the demolition, construction, or repair of buildings, or establish[] zoning or land use requirements at the described premises" and which are "in force at the time of loss." DE 68-1, Certified Policy, Page ID 857. Coverage under this provision is predicated on the property being "repaired, reconstructed or remodeled." *Id.* at 858.

could not establish that she was entitled to recover Ordinance or Law losses. And because the district court found that Graves did not satisfy a condition precedent to obtaining coverage for any Ordinance or Law losses, it disregarded Graves's argument that the exclusion of certain Ordinance or Law losses in the insurance contract were void as against Tennessee public policy.

## II.

We review a district court's grant of summary judgment de novo. *Redlin v. Grosse Pointe Pub. Sch. Sys.*, 921 F.3d 599, 606 (6th Cir. 2019). Summary judgment is warranted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In considering a motion for summary judgment, we view all facts and make all inferences in the light most favorable to the nonmoving party. *See Redlin*, 921 F.3d at 606.

All agree that Tennessee law governs this dispute. Tennessee courts "interpret insurance policies using the same tenets that guide the construction of any other contract." *Garrison v. Bickford*, 377 S.W.3d 659, 664 (Tenn. 2012). Contract interpretation is a question of law appropriate for a court's determination. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). When faced with a dispute concerning contract interpretation, the court's task "is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language." *Id.*

## III.

On appeal, Graves argues that she is entitled to portions of the appraisal award that the district court deemed attributable to the application of Ordinance or Law, such as costs associated with compliance with Occupational Safety and Health Administration ("OSHA") regulations, among other things. But Graves reiterates her public policy and ambiguity arguments without

addressing the district court's basis for granting summary judgment: her failure to repair or replace the property as required for coverage under the Ordinance or Law provision.

We agree with the district court that Graves's failure to repair or replace the property is dispositive of her claim for the remainder of the award covered by the Ordinance or Law provision. The relevant provision covers damage to the insured's property caused by the application of an ordinance or law that "[r]egulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and . . . [i]s in force at the time of loss." DE 68-1, Certified Policy, Page ID 857. The Policy does not provide Ordinance or Law coverage for increased construction costs "if the building is not repaired, reconstructed or remodeled."[2] *Id.* at 858. The Policy unambiguously states that coverage for increased construction costs associated with the operation of ordinance or law is predicated on repairing or replacing the property. Graves developed no argument disputing the district court's conclusion that the costs included in the appraisal award that fell under the Ordinance or Law provision were subject to the repair or replacement predicate. Further, Graves conceded that she did not repair or replace the property, that she sold the property, and that, in any event, the property has not been repaired or replaced since the appraisal award was issued. Under the undisputed facts, she thus failed to satisfy this condition.

Graves also failed to meaningfully dispute the validity of the repair or replacement predicate in the Policy. Rather, she argues, in a single sentence, that enforcing such predicate would render the prevention doctrine a nullity. Under the prevention doctrine, where "the insurer,

---

[2] Graves appears to take issue with an earlier provision of the Policy, which excludes from coverage any loss or damage caused by the enforcement of any ordinance or law regulating the construction, use, or repair of property, as against public policy and thus void. But that earlier provision is irrelevant, because it is the Ordinance or Law provision, which does provide coverage in certain circumstances of repair, that controls here.

in breach of the insurance contract, denies liability for the insured's loss," the "denial may excuse the insured's duty to repair or replace the damaged property." *SCF, LLC v. Hartford Fire Ins. Co.*, No. 1:20-cv-01173-JDB-jay, 2022 WL 193007, at \*8 (W.D. Tenn. Jan. 20, 2022) (cleaned up). But the prevention doctrine is inapposite here, as the record is devoid of evidence that Auto-Owners's failure to provide the Ordinance or Law award, rather than Graves's sale of the property, prevented her from making the necessary repairs. And given the unambiguous contract language, the record is similarly devoid of evidence that Auto-Owners wrongfully denied coverage. *Cf. id.* at \*9–10. Thus, Graves's failure to satisfy the repair requirement resolves this case.

## IV.

For the above reasons, we affirm the district court's grant of summary judgment.